
**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>OFF-SPEC SOLUTIONS, LLC,<br>        Debtor. | BAP No. ID-23-1020-GCB<br><br>Bk. No. 22-00346-NGH |
| KRISTINA JAYN LAFFERTY,<br>        Appellant,<br>v.<br>OFF-SPEC SOLUTIONS, LLC; CVF<br>CAPITAL PARTNERS, INC.; KEVIN<br>CHOATE; COOL MOUNTAIN<br>TRANSPORT; CVF CAPITAL<br>PARTNERS, INC.,<br>        Appellees. | Adv. No. 22-06020-NGH<br><br>**OPINION** |

Appeal from the United States Bankruptcy Court
for the District of Idaho
Noah G. Hillen, Bankruptcy Judge, Presiding

APPEARANCES:

Ronald Walter Brilliant argued for appellant; Matthew T. Christensen of
Johnson May, PLLC argued for appellees Off-Spec Solutions, LLC and Cool
Mountain Transport.

Before: GAN, CORBIT, and BRAND, Bankruptcy Judges.

GAN, Bankruptcy Judge:

## INTRODUCTION

This appeal requires us to decide, as a matter of first impression, whether the nondischargeability provisions of § 523(a)[1] are applicable to corporate debtors who confirm nonconsensual plans under subchapter V of chapter 11.

Appellant Kristina Jayn Lafferty ("Appellant") filed a § 523(a)(6) complaint against debtor Off-Spec Solutions, LLC ("Debtor"), and cited the Fourth Circuit's holding in *Cantwell-Cleary Co. v. Cleary Packaging, LLC (In re Cleary Packaging, LLC)*, 36 F.4th 509 (4th Cir. 2022), for the proposition that debts specified in § 523(a) are not dischargeable by any debtor, corporate or individual, in a subchapter V case confirmed under § 1191(b).

The bankruptcy court was not persuaded by *Cleary*, and relied on its prior decision, *Catt v. Rtech Fabrications, LLC (In re Rtech Fabrications, LLC)*, 635 B.R. 559 (Bankr. D. Idaho 2021), and *Avion Funding, LLC v. GFS Industries, LLC (In re GFS Industries, LLC)*, 647 B.R. 337 (Bankr. W.D. Tex. 2022), to hold that § 1192 does not make the debts specified in § 523(a) nondischargeable for corporate debtors.

Although the bankruptcy court's construction leads to discordance between a discharge under § 1192 and a discharge under a consensual confirmation, its reasoning is sound and more persuasive than that offered

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

by Appellant and *Cleary*. We agree that the language and context of the relevant statutes indicate Congress's intent to make § 523(a) applicable in subchapter V only to individual debtors. Accordingly, we AFFIRM.

## FACTS[2]

In August 2022, Debtor filed a chapter 11 petition as a corporate debtor.[3] Debtor indicated it was eligible to be a debtor under § 1182(a), and it elected to proceed under subchapter V.

In December 2022, Appellant filed a proof of claim and an adversary complaint against Debtor, its owners, and its parent company, asserting a nondischargeable claim under § 523(a)(6). Appellant alleged that, while employed by Debtor, she was sexually harassed and discriminated against by her manager. According to Appellant, despite notifying Debtor and its owners, they took no corrective action, and instead, retaliated by firing her. Appellant made a claim of discrimination to the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission. The IHRC found probable cause that Appellant suffered

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the main case and adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] The definition of "corporation" in § 101(9) includes unincorporated limited liability companies. *See Vill. at Lakeridge, LLC v. U.S. Bank N.A. (In re Vill. at Lakeridge, LLC)*, BAP Nos. NV-12-1456-PaKiTa, NV-12-1474-PaKiTa, 2013 WL 1397447, at *4 n.8 (9th Cir. BAP Apr. 5, 2013) (citation omitted), *aff'd sub nom. U.S. Bank N.A. v. Vill. at Lakeridge, LLC (In re Vill. at Lakeridge, LLC)*, 814 F.3d 993 (9th Cir. 2016), *aff'd sub nom. U.S. Bank N.A. ex rel. CW Cap. Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960 (2018).

sexual harassment, discharge based on retaliation, and discharge based on sex. After Debtor filed its bankruptcy petition, the IHRC administratively dismissed the case and gave Appellant notice of her right to bring a private action against the defendants.

In response to Appellant's complaint, Debtor filed a motion to dismiss pursuant to Civil Rule 12(b)(6), made applicable by Rule 7012. Debtor argued that Appellant failed to state a cognizable claim for relief because, as the court previously held in *Rtech Fabrications*, § 523(a) applies in subchapter V only to individual debtors. Debtor acknowledged the Fourth Circuit's subsequent decision in *Cleary* but maintained that the reasoning and analysis in *GFS Industries* demonstrated that *Cleary* was incorrectly decided.

Appellant opposed the motion and argued that § 1192 applies to both corporate and individual debtors and excepts the types of debts specified in § 523(a) without regard to the type of debtor.[4]

The bankruptcy court rendered an oral ruling granting Debtor's motion to dismiss, holding that § 523(a) does not apply to corporate debtors in subchapter V. The court reasoned that the interpretation offered by *Cleary* fails to give effect to the plain language of § 523(a), which

---

[4] Appellant also argued that, because Title VII of the Civil Rights Act of 1964 imposes strict liability on an employer for its supervisory employee's sexual harassment, and the individual who perpetrates the harassment cannot be held liable, the bankruptcy court should consider Debtor to be an "individual" for purposes of the claim. Appellant does not make this argument on appeal, and we do not consider it.

4

specifically states that its provisions are applicable to individual debtors who receive a discharge under § 1192. The bankruptcy court entered an order dismissing the complaint, and Appellant timely appealed.[5]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by interpreting § 1192 to except debts specified in § 523(a) from discharge for only individual debtors?

## STANDARDS OF REVIEW

We review de novo a bankruptcy court's order granting a motion to dismiss under Civil Rule 12(b)(6). *Movsesian v. Victoria Versicherung AG*, 670 F.3d 1067, 1071 (9th Cir. 2012) (en banc). We also review de novo a bankruptcy court's interpretation of the Bankruptcy Code. *Reswick v. Reswick (In re Reswick)*, 446 B.R. 362, 365 (9th Cir. BAP 2011). De novo means review is independent, with no deference given to the bankruptcy court's conclusion. *See First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.)*, 439 F.3d 558, 561 (9th Cir. 2006).

---

[5] The bankruptcy court dismissed the complaint as to all defendants after determining that the claims against non-debtors were not related to the bankruptcy case. The dismissal of claims against non-debtors is not at issue in this appeal. However, we note that, to the extent Appellant asserts claims against non-debtors, such claims will not be affected by Debtor's discharge.

## DISCUSSION

The bankruptcy court's dismissal of the adversary complaint turns purely on the legal question whether a corporate debtor under subchapter V can be liable for debts specified in § 523(a). Neither this Panel nor the Ninth Circuit Court of Appeals has addressed the question.

Bankruptcy courts that have confronted the issue have uniformly concluded, as the court did here, that § 1192 does not make § 523(a) applicable to corporate debtors. *See, e.g., BenShot, LLC v. 2 Monkey Trading, LLC (In re 2 Monkey Trading, LLC)*, 650 B.R. 521 (Bankr. M.D. Fla. 2023); *Nutrien Ag Sols., Inc. v. Hall (In re Hall)*, 651 B.R. 62 (Bankr. M.D. Fla. 2023); *In re GFS Indus.*, 647 B.R. 337; *Jennings v. Lapeer Aviation, Inc. (In re Lapeer Aviation, Inc.)*, Case No. 21-31500-jda, 2022 WL 1110072 (Bankr. E.D. Mich. Apr. 13, 2022); *In re Rtech Fabrications, LLC*, 635 B.R. 559; *Cantwell-Cleary Co. v. Cleary Packaging LLC (In re Cleary Packaging LLC)*, 630 B.R. 466 (Bankr. D. Md. 2021), *rev'd*, 36 F.4th 509 (4th Cir. 2022); *Gaske v. Satellite Rests. Inc. (In re Satellite Rests. Inc.)*, 626 B.R. 871 (Bankr. D. Md. 2021).

Appellant urges us to reverse the bankruptcy court's decision based on the reasoning articulated in *Cleary*. Although the bankruptcy court's construction inevitably leads to a broader discharge for subchapter V debtors under nonconsensual plans than under consensual ones, we find its interpretation more reasonable and more harmonious with other bankruptcy statutes than the interpretation offered by Appellant.

6

## A. Statutory construction of §§ 1192 and 523

To resolve a question of statutory construction, we begin "where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989); *see also Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the texts is not absurd—is to enforce it according to its terms." (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank., N.A.*, 530 U.S. 1, 6 (2000)). We construe a statute to give effect "to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004).

If the language is ambiguous, we "may look to other sources to determine congressional intent, such as the canons of construction or the statute's legislative history." *United States v. Nader*, 542 F.3d 713, 717 (9th Cir. 2008) (citing *Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir. 2006)). Statutory language is ambiguous only if it "gives rise to more than one reasonable interpretation." *Woods v. Carey*, 722 F.3d 1177, 1181 (9th Cir. 2013) (quoting *DeGeorge v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 219 F.3d 930, 939 (9th Cir. 2000)); *see also United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988) ("A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.").

The statutes governing discharge in a nonconsensual subchapter V are §§ 1192 and 523(a).[6] Section 1192 provides in pertinent part:

> If the plan of the debtor is confirmed under section 1191(b) of this title, as soon as practicable after completion by the debtor of all [plan] payments . . . the court shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan, except any debt . . . (2) of the kind specified in section 523(a) of this title.

Section 523(a) provides that "[a] discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt" defined in the subsequent subparagraphs of § 523(a).

Facially, these sections appear to conflict because § 523(a) refers to individual debtors, while § 1192 provides for discharge of both individual and corporate debtors and does not distinguish between them when excepting debts "of the kind specified in section 523(a)." In *Cleary*, the Fourth Circuit held that § 1192 refers to the types of debts, not the types of debtors, and consequently, makes those types of debts nondischargeable to all debtors under § 1192. 36 F.4th at 515.

---

[6] If all creditor classes accept a subchapter V plan, the bankruptcy court confirms the case under § 1191(a), and the discharge provisions of § 1141 apply. Section 1181(a) makes § 1141 generally applicable under subchapter V (except for § 1141(d)(5)). Section 1181(c) clarifies that if a plan is confirmed under § 1191(b), the discharge provisions of § 1141(d) do not apply, except as provided in § 1192. Thus, under a nonconsensual confirmation, discharge is governed exclusively by § 1192.

Based on the language and context of the statutes, we believe that the better interpretation is that § 1192 reiterates § 523(a)'s application to debtors under subchapter V, and § 523(a) limits its applicability to individuals.

Section 523(a) unambiguously applies only to individual debtors. The reference in § 1192 to debts "of the kind specified in section 523(a)" can reasonably be construed to mean the list of debts, but nothing in § 1192 obviates the express limitation in the preamble of § 523(a) or otherwise expands its scope to corporate debtors.[7] *See In re GFS Indus., Inc.*, 647 B.R. at 341-42; *see also Pac. Gas & Elec. Co. v. California*, 350 F.3d 932, 943 (9th Cir. 2003) ("[W]e presume, absent clear indications to the contrary, that Congress did not intend to change preexisting bankruptcy law or practice in adopting [or amending] the Bankruptcy Code . . . ."); *Cohen v. de la Cruz*, 523 U.S. 213, 221 (1998) (refusing to read the Bankruptcy Code as departing

---

[7] Though our analysis does not require us to resort to legislative history, we note that bankruptcy courts and commenters who have consulted the history find no indication of congressional intent to expand the application of § 523(a) to corporate debtors. *See In re Satellite Rests. Inc.*, 626 B.R. at 878 (discussing the Report of the Judiciary Committee of the House of Representatives, 290 H.R. Rep. No. 116-171, at p.8 (2019), which states that the new § 1192 discharge excepts "any debt that is otherwise nondischargeable" and reasoning that this phrase logically refers to the existing form of § 523(a)); *In re GFS Indus.*, 647 B.R. at 344 n.6 (citing Hon. Paul W. Bonapfel, GUIDE TO THE SMALL BUSINESS REORGANIZATION ACT of 2019, (Rev. June 2022), https://www.ganb.uscourts.gov/sites/default/files/sbra_guide_pwb.pdf, at 204-05, and noting that if Congress "intended to make a seismic change to existing Chapter 11 law, one would expect the House Judiciary Committee Report to have pointed out this change.").

from past bankruptcy practice without a clear indication that Congress intended to do so).

Moreover, as part of the Small Business Reorganization Act of 2019 ("SBRA"), Congress amended § 523(a) to add § 1192 to the list of discharge provisions to which it applies. Interpreting § 1192 to extract from § 523(a) only the list of nondischargeable debts, without its limitation to individuals, would render the amendment surplusage. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 386 (2013) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme."); *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 837 (1988) ("[W]e are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law.").

If § 1192 makes the debts specified in § 523(a) nondischargeable to all debtors, the concurrent amendment to § 523(a) has no meaning. Appellant offers no explanation why her interpretation does not render the amendment surplusage.

In *Cleary*, the Fourth Circuit suggested that "to the extent that one might find tension between the language of § 523(a) addressing individual debtors and the language of § 1192(2) addressing both individual and corporate debtors," the more specific provision of § 1192 should govern over the more general provision of § 523(a). 36 F.4th at 515.

We disagree with the Fourth Circuit's application of the general/specific canon for two reasons. First, while "it is a commonplace of statutory construction that the specific governs the general," *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992), this canon is valid only where the statutes cannot be reconciled, s*ee Adirondack Med. Ctr. v. Sebelius*, 740 F.3d 692, 698 (D.C. Cir. 2014). "Absent clearly expressed congressional intent to the contrary, it is our duty to harmonize the provisions and render each effective." *Adirondack Med. Ctr.*, 740 F.3d at 698-99 (citing *Morton v. Mancari*, 417 U.S. 535, 551 (1974)).

Our construction harmonizes the statutes. Section 1192 incorporates the types of debts that are nondischargeable under a nonconsensual subchapter V plan, and § 523(a) limits the scope of nondischargeability to individual debtors.

Second, the Fourth Circuit reasoned that § 1192 is more specific because it applies only to subchapter V debtors under nonconsensual confirmations, while § 523(a) applies to several discharge provisions. But "[w]hat counts for application of the general/specific canon is not the *nature* of the provisions' prescriptions but their *scope*." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 648 (2012). Section 523(a) limits the scope of discharge under § 1192 by specifically excepting from discharge certain debts for individuals. If we were unable to reconcile these statues, the general/specific canon would countenance an interpretation that § 523(a) controls § 1192.

11

**B.    Context supports our interpretation that the debts in § 523(a) are nondischargeable under subchapter V for only individual debtors.**

Subchapter V of chapter 11 was created with the passage of the SBRA to create an expedited process for small business debtors to efficiently reorganize. Consistent with this policy goal, debtors under subchapter V enjoy certain benefits: they do not pay United States Trustee fees; they are not required to file a disclosure statement; and competing creditors' plans are not permitted. Subchapter V also permits a debtor to confirm a nonconsensual plan without satisfying the "absolute priority rule" of § 1129(b)(2)(B).[8]

But subchapter V remains a part of chapter 11, and its discharge provisions should be interpreted consistent with the overall statutory scheme in chapter 11. *See Rtech Fabrications, LLC*, 635 B.R. at 565-66.

In establishing chapter 11 under the Bankruptcy Code in 1978, Congress made an intentional decision to depart from pre-Code practice and eliminate exceptions to discharge for corporate debtors. *See In re Cleary Packaging LLC*, 630 B.R. at 474 (citing Ralph Brubaker, *Taking Exception to the New Corporate Discharge Exceptions*, 13 Am. Bankr. Inst. L. Rev. 757, 764-65 & n.46-49 (2005)); *see also In re Exide Techs.*, 601 B.R. 271, 280-81 (Bankr.

---

[8] Section 1129(b)(2)(B) requires that, under a nonconsensual confirmation in chapter 11, a holder of a claim or interest junior to a class of unsecured claims cannot receive or retain any property under the plan on account of such claim or interest. *See also, Case v. L.A. Lumber Prods. Co.*, 308 U.S. 106 (1939) (discussing the new value corollary to the absolute priority rule); *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197 (1988) (same).

D. Del. 2019), *aff'd*, 613 B.R. 79 (D. Del. 2020) ("Congress initially intended that all nineteen of the § 523(a) discharge exceptions for individual debtors . . . should also apply to corporate debtors. However, based on public policy considerations, Congress ultimately limited the scope of the discharge exceptions for corporate debtors." (citations omitted)). Since then, the corporate discharge has been "strenuously protected." *In re Rtech Fabrications, LLC*, 635 B.R. at 565 (citing *In re Cleary Packaging LLC*, 630 B.R. at 474).

Congress has limited the corporate discharge in chapter 11 once, by enacting § 1141(d)(6),[9] and it did so by expressly stating that certain debts are excepted from discharge for corporate debtors. As noted by the bankruptcy court in *Rtech Fabrications*, this narrow limitation to the corporate discharge took eight years to become law. *Id.* at 565, n.5. We agree that "the suggestion that Congress incorporated 19 new exceptions to discharge for small corporations in a bill that was introduced in April 2019, and signed into law by the President in April 2019, seems not only

---

[9] Section 1141(d)(6) provides:
> Notwithstanding paragraph (1), the confirmation of a plan does not discharge a debtor that is a corporation from any debt—
> (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 or any similar State statute or;
> (B) for a tax or customs duty with respect to which the debtor—(i) made a fraudulent return; or (ii) willfully attempted in any manner to evade or to defeat such tax or such customs duty.

improbable but also contradicts years of bankruptcy law and policy." *Id.* at 566 (quoting *In re Cleary Packaging LLC*, 630 B.R. at 475).

The Fourth Circuit found the reference in § 1141(d)(6) to debts "of a kind specified in . . . 523(a)" supportive of its interpretation. *In re Cleary Packaging LLC*, 36 F.4th at 516-17. It reasoned that the bankruptcy court's construction would create difficulty in reconciling § 523(a) with § 1141(d)(6) because § 523(a) also expressly applies to discharges under § 1141, and thus, it would seem to conflict with the language of § 1141(d)(6) making debts "of a kind specified" in § 523(a) nondischargeable for corporate debtors. *Id.* at 516.

We have no difficulty reconciling our interpretation with the language of § 1141(d)(6). Section 1141(d)(6) is clear that it makes certain debts nondischargeable for corporate debtors. This express statement is necessary because § 523(a) is plainly limited to individual debtors.

Unlike § 1141(d)(6), § 1192 does not purport to change the application of § 523(a). Section 1192 does not refer to specific subparagraphs of § 523(a) and it does not expressly make those types of debts applicable to corporate debtors. Instead, it echoes what § 523(a) already says: a discharge under § 1192 does not discharge an individual debtor from the debts listed in § 523(a).

The context of other discharge provisions within the overall statutory scheme of the Bankruptcy Code confirms that § 1192 restates § 523(a)'s applicability without changing it. Section 523(a) applies to discharges

14

granted under §§ 727, 1141, 1192, 1228(a), 1228(b), and 1328(b), yet each of these discharge provisions contains a similar reference to § 523. *See* 11 U.S.C. § 727(b) ("Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor . . . ."); 11 U.S.C. § 1141(d)(2) ("A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title."); 11 U.S.C. § 1228(a) ("the court shall grant the debtor a discharge of all debts . . . except any debt . . . (2) of a kind specified in section 523(a) of this title . . . ."); 11 U.S.C. § 1228(c) ("A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts . . . except any debt . . . (2) of a kind specified in section 523(a) of this title . . . ." ); 11 U.S.C. § 1328(c) ("A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts . . . except any debt . . . (2) of a kind specified in section 523(a) of this title.").

Because § 103(a) makes the provisions of chapter 5 applicable to chapters 7, 11, 12, and 13, and § 523(a) specifically excepts debts from discharge under the referenced discharge statutes, it is not strictly necessary for any of the discharge provisions to refer to § 523 to render the debts nondischargeable. Each of the references to § 523(a) in these discharge provisions merely reiterates that the debts listed in § 523(a) are not dischargeable for individual debtors under the specified discharge provision.

We recognize that the references to § 523(a) are redundant, but "redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication." *Barton v. Barr*, 140 S. Ct. 1442, 1453 (2020); *see also Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 881 (2019) ("Redundancy is not a silver bullet . . . . Sometimes the better overall reading of the statute contains some redundancy."). And, "[r]edundancy in one portion of a statute is not a license to rewrite or eviscerate another portion of the statute contrary to its text." *Barton*, 140 S. Ct. at 1453.

Rather than resulting in a mere redundancy, the *Cleary* interpretation creates a "positive repugnancy" between the statutes and results in § 523(a) having no effect under § 1192 despite its express applicability to that section. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) ("Redundancies across statutes are not unusual events in drafting, and so long as there is no 'positive repugnancy' between two laws, a court must give effect to both" (internal citation omitted)).

We are also unpersuaded that "Congress's importation of language into Subchapter V from the conceptually similar Chapter 12 proceedings" reflects an intent to make nondischargeable debts applicable to corporate debtors. *In re Cleary Packaging, LLC*, 36 F.4th at 516. The Fourth Circuit suggested that the language of § 1228(a), which excepts from discharge debts "of a kind specified in section 523(a)," should be interpreted the same

16

as the virtually identical language in § 1192(2). *Id.* at 516-17. We agree the phrases should be interpreted similarly, but neither provision expands the scope of § 523(a) to apply to corporate debtors.

*Cleary* cites two cases for the proposition that § 523(a) applies to corporate debtors under chapter 12: *Southwest Georgia Farm Credit, Aca v. Breezy Ridge Farms, Inc. (In re Breezy Ridge Farms Inc.)*, Case No. 08-12038-JDW, 2009 WL 1514671 (Bankr. M.D. Ga. May 29, 2009) and *New Venture Partnership v. JRB Consolidated, Inc. (In re JRB Consolidated, Inc.)*, 188 B.R. 373 (Bankr. W.D. Tex. 1995). Like *Cleary*, both cases rely on the general/specific canon of construction, which we find inapposite for the reasons stated above, and neither case offers an explanation why this interpretation does not render surplusage § 523(a)'s specific application to § 1228(a).

More importantly, the phrase "of a kind specified in section 523(a)" appears to have been taken directly from § 1328(c). *See Foulston v. BDT Farms, Inc. (In re BDT Farms, Inc.)*, 21 F.3d 1019, 1021 n.3 (10th Cir. 1994) ("Chapter 12 was closely modeled after Chapter 13."). Section 1328(b) provides for a "hardship discharge" under chapter 13. In contrast to the typical discharge under § 1328(a)—which incorporates some but not all the provisions of § 523(a)—the entirety of § 523(a) is made applicable to chapter 13 debtors receiving a hardship discharge under § 1328(b).

Notwithstanding the fact that § 523(a) expressly applies to § 1328(b), Congress provided in § 1328(c): "A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts . . . except

17

any debt— (2) of a kind specified in section 523(a) of this title." Section 109(e) states that only individuals can be debtors under chapter 13, thus, § 1328(c)'s reference to debts "of a kind specified in section 523(a)" must be a reiteration of § 523(a)'s applicability.

Absent some indication to the contrary, we see no reason why Congress's replication of § 1328(c)'s language in § 1228(a), and later in § 1192, would carry a different meaning or serve a different purpose. The language in each of these sections clarifies that each discharge provision is limited by § 523(a), which makes debts nondischargeable for individual debtors.

The context of other discharge provisions, including those with substantially similar language, confirm that Congress included the reference in § 1192 to debts "of the kind specified in section 523(a)" to reiterate § 523(a)'s application to individual debtors under subchapter V.

## C.  Policy considerations

In a consensual confirmation under subchapter V, discharge is governed by § 1141. Section 1141(d)(6) also provides that a corporate debtor cannot discharge any debt: (1) of a kind specified in § 523(a)(2)(A) or (a)(2)(B) owed to a domestic governmental unit, or owed to a person as a result of an action under the False Claims Act, 31 U.S.C. § 3729, or similar state statute; or (2) for a tax or customs duty with respect to which the debtor made a fraudulent return or willfully attempted to evade or defeat such tax or customs duty. Because § 1141 does not apply to discharges

18

under § 1192, the limitations to corporate discharge found in §1141(d)(6) are not applicable under nonconsensual plans in subchapter V.

Appellant argues that our construction leads to an absurd result because a debtor with False Claims Act liability or tax fraud liability could discharge such debt under a nonconsensual plan, but not under a consensual plan. We too are puzzled by this result,[10] but "[w]e must presume that Congress says in a statute what it means and means in a statute what it says there." *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019) (cleaned up).

The apparent difference between the discharge provisions does not entice us to reject the language and context of the statutes in favor of an interpretation that alters the long-standing operation of § 523(a) without an express indication by Congress—in the statute or otherwise—that it intended to do so.

The Fourth Circuit presumed that "[g]iven the elimination of the absolute priority rule, Congress understandably applied limitations on the discharge of debts to provide an additional layer of fairness and equity to

---

[10] We note that § 1141(d)(6) claims rarely arise in reported bankruptcy cases. Additionally, most liability under the False Claims Act does not require the specific intent to deceive necessary to render such debts nondischargeable under § 523(a)(2). *Compare,* § 523(a)(2)(A) and (B) (each requiring intent to deceive), *with* 31 U.S.C. § 3731(a), (c) (describing liability for any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment and approval" and defining "knowingly" to "require no proof of specific intent to defraud"). Despite the relative paucity of these claims, we would expect them to be nondischargeable for corporate debtors regardless of whether confirmation is consensual or nonconsensual.

creditors to balance against the altered order of priority that favors the debtor." *In re Cleary Packaging, LLC*, 36 F.4th at 517. We appreciate the plausibility of this idea, but we question whether elimination of the absolute priority rule is really in "balance" with making the full complement of nondischargeable debts applicable to corporate debtors, and we question whether doing so would comport with the purpose of facilitating reorganization of small businesses.

Small business cases where confirmation is not likely to be consensual are precisely the types of cases where the provisions of the SBRA serve their intended purpose. The absolute priority rule and the threat of competing plans have little bearing on consensual confirmations. Debtors with consenting creditors can achieve quick and efficient reorganizations without need of subchapter V and without the added administrative expense of a subchapter V trustee.

In nonconsensual confirmations, elimination of the absolute priority rule permits more small businesses reorganizations largely because equity owners are often active managers and successful reorganization depends on their continued service. *See* Bonapfel, *supra* note 7, at 231. Equity interests in insolvent small businesses typically have little value and contribution of equivalent "new value" likely provides only a marginal benefit to unsecured creditors.

While elimination of the absolute priority rule may slightly reduce the benefit to unsecured creditors, making debts nondischargeable for

corporate debtors does not provide a commensurate benefit. Rendering certain debts nondischargeable is more likely to harm most general unsecured creditors by steering small businesses with nondischargeable debts toward liquidation. *See In re GFS Indus., LLC*, 647 B.R. at 349-50.

Because § 1192 applies only to nonconsensual plans, and acceptance of a plan is determined by classes of creditors, s*ee* 11 U.S.C. §§ 1191; 1126, a creditor who asserts a claim that would be nondischargeable under § 523(a) may nevertheless have its claim discharged if all classes accept the plan. Thus, even the benefit to a creditor with a potentially nondischargeable claim is diminished unless that creditor is sufficiently situated to assure a nonconsensual confirmation.

Finally, even if a creditor could prove a nondischargeable claim, and cause its class to reject the plan, its claim will be nondischargeable only if the debtor obtains a nonconsensual confirmation. Pursuant to Rule 1020(a), a small business debtor elects whether to proceed under subchapter V by making the designation in its petition. Rule 1009(a) provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." *See also* Rule 1020(b) (providing for a deadline to object to a debtor's designation no later than 30 days after the meeting of creditors "or within 30 days after any amendment to the statement, whichever is later.").

Under the *Cleary* interpretation, a small business debtor with potentially nondischargeable debts is incentivized to elect subchapter V

21

and force creditors to spend resources to prove their claims, only to then amend its election and proceed under chapter 11 where those claims will be discharged upon confirmation.

The policy rationales suggested by Appellant and *Cleary* to support their interpretation are unavailing. Construing § 1192 to make debts nondischargeable for corporate debtors offers little benefit to unsecured creditors in small business cases and poses serious obstacles to the stated purpose of the SBRA to make reorganization efficient and expeditious for small business debtors.

It is vexing that our interpretation means that a corporate debtor gets a slightly broader discharge under § 1192 than under a consensual plan, but it is more difficult to believe that Congress intended to make § 523(a) applicable to corporate debtors through an opaque reference rather than an express statement. We agree with Judge Bonapfel that:

> [I]t is difficult to conclude that, in enacting a statute universally proclaimed to have the purpose of facilitating reorganization of small businesses, by among other things eliminating the absolute priority rule in a cramdown situation, Congress in 2019 intended to re-introduce all the problems with exceptions to the discharge of a corporation that it eliminated over 50 years earlier.

Bonapfel, *supra* note 7, at 237.

## CONCLUSION

We hold that § 1192 does not make debts specified in § 523(a) applicable to corporate debtors in subchapter V. Based on the foregoing,

we AFFIRM the bankruptcy court's order dismissing Appellant's complaint.