Stephen Sather, Overstreet, Winn & Edwards, Austin, TX.

Mr. Michael Wallace, Taylor, TX.

Mr. Ray Hendren, Austin, TX.

**In re JRB CONSOLIDATED, INC., Debtor.**

**NEW VENTURE PARTNERSHIP, Plaintiff,**

v.

**JRB CONSOLIDATED, INC., Defendant.**

**Bankruptcy No. 94–60956–LK.
Adv. No. 95–6002.**

United States Bankruptcy Court,
W.D. Texas,
Waco Division.

March 22, 1995.

## ORDER DENYING MOTION TO DISMISS COMPLAINT

LARRY E. KELLY, Chief Judge.

This is a Chapter 12 case in which a creditor, New Venture Partnership has filed a complaint objecting to the dischargeability of its debt under §§ 523(a)(2) and 523(a)(6). The corporate debtor has filed a motion to dismiss the complaint, asserting that § 523(a) exceptions are applicable only to individual debtors. The court considered this motion at a regularly noticed hearing on March 14, 1995. It is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

The facts are not in dispute on the issue before the court. The Debtor, JRB Consolidated, Inc., is a Texas corporation and no party in interest has contested its eligibility to file a Chapter 12 proceeding. The eligibility requirements are set out in 11 U.S.C. §§ 109(f), 101(13), (18), and (41). New Venture Partnership asserts that it has been damaged by pre-petition fraud or willful and malicious acts committed by the Debtor and it timely commenced the above-styled adversary proceeding in order to receive a determination on this complaint. The Debtor then filed this Rule 12(b) motion to dismiss the complaint for failure to state a cause of action asserting that § 523(a) exceptions are inapplicable in Chapter 12 except against individual debtors.

The essence of the Debtor's argument is that § 523(a) commences with the language "A discharge under § 1228(a) ... of this title does not discharge an individual debtor from any debt ..." and then goes on to describe

certain types of debt to which this introductory debt applies.

However, New Venture Partnership notes that the specific language in § 1228(a) provides in relevant part that "as soon as practicable after completion by *the debtor* of all payments under the plan ... the court shall grant *the debtor* a discharge of all debts, provided for by the plan ... *except any debt*—(2) *of the kind* specified in § 523(a) of this title."

New Venture Partnership asserts that the specific language of § 1228 is not inconsistent with that of § 523. Section 103 of the Bankruptcy Code indicates that § 523 is applicable in all Chapter 7, 11, 12 and 13 cases, while the provisions of Chapter 12 apply only to Chapter 12 cases. New Venture Partnership also observes that Chapter 12 itself treats only specific debtors as indicated hereinabove. Any debtor, otherwise eligible to file a Chapter 12 case, would clearly be eligible to file a Chapter 7 or a Chapter 11 case and individual debtors eligible to file a Chapter 12 would, subject to debt limitations, be eligible to file a Chapter 13 case. The contrary, however, is not true. All eligible Chapter 7, Chapter 11 or Chapter 13 debtors are not necessarily eligible to file a Chapter 12. It is a specific chapter, limited to special types of debtors and therefore, it would not be unexpected that Congress may provide for some different treatment of these debtors. For example, in a Chapter 11 case, § 1141(d) provides that debtors receive a discharge upon confirmation, subject to different treatment afforded by the plan of reorganization or order confirming the plan. This discharge would apply to all Chapter 11 debtors, including corporations. The provision, however, contains two limitations to the effect of the discharge. Corporate debtors, otherwise ineligible for a discharge under § 727, that liquidate all or substantially all of their property and cease to engage in business after confirmation will not receive a discharge. Further, the confirmation of a plan does not discharge individual debtors from any debt excepted from discharge under § 523. These two exceptions are specifically spelled out in Chapter 11, § 1141(d)(2) and (3). It seems clear from that language that corporate debtors in Chapter 11 are not subject to a complaint to determine dischargeability of debt under § 523(a). However, even without such a complaint, they are not eligible to discharge any debt if they liquidate.

Chapter 12, on the other hand, contains a specific provision in § 1228(a) which says "the debtor" gets a discharge "except" for debts "of the kind" specified in § 523(a). There is no "liquidation versus continuing business" distinction for corporate or partnership debtors and there is no specific separate section referring to individual debtors. The language of § 1228(a) is not inconsistent with § 523(a) as individual debtors are still subject to the § 523(a) exceptions. But, § 1228(a) is broader in that its language is inclusive of all debtors—individuals, partnerships, and corporations. This inclusive language is broader than the Chapter 11 discharge language and would appear to be consistent with the intent of Congress to provide special treatment for certain kinds of debtors otherwise eligible to file for Chapter 12.

It would be a stretch to try to fit the § 523(a) language into § 1228 and redefine what it meant by the term "debtor". The meaning of the word debtor in Chapter 12 is not unclear. The wording in § 1228(a)(2) describing "debts of the kind" specified in § 523(a) does not naturally lend itself to also incorporate the meaning "for debtors of the kind" referenced in § 523(a). Debts of the kind easily seems to be limited to the subparagraphs of § 523(a) which identify the types of debts which are eligible to be excepted from discharge. Section 1228(a) uses the term debtor without restriction, has its own definition of debtor which is to be used for all purposes in all sections of Chapter 12 and this court believes that the term "of a kind" does not incorporate the limiting definition found in the introductory paragraph of § 523(a).

As such, this court concludes that creditors are entitled to file adversary proceedings to receive a determination of whether or not their particular claim is excepted from discharge under § 523(a), even if the Chapter 12 debtor is a person other than an individual.

It is therefore ordered that the Debtor's Motion To Dismiss is DENIED.

IT IS SO ORDERED.