# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-50237

———————

In the Matter of GFS Industries, L.L.C.

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2024

Lyle W. Cayce
Clerk

*Debtor*,

Avion Funding, L.L.C.,

*Appellant*,

*versus*

GFS Industries, L.L.C.,

*Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 22-05052

———————————————————

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Stuart Kyle Duncan, *Circuit Judge*:

In this appeal, we consider a 2019 addition to the Bankruptcy Code known as "Subchapter V," which seeks to streamline the Chapter 11 reorganization process for certain small business debtors. *See* 11 U.S.C. § 1181 *et seq.* Subchapter V relieves small business debtors from the absolute priority rule for repaying creditors, which was thought to unduly complicate their reorganization. *Compare id.* § 1129(b)(2) *with id.* § 1191(c).

No. 23-50237

In exchange for that benefit, however, those debtors cannot discharge certain "kinds" of debt listed in § 523(a) of the Code. *See id.* §§ 1192(2), 523(a). The issue we address here is whether those discharge exceptions apply to both corporate and individual Subchapter V debtors (as the Fourth Circuit has ruled) or only to individual debtors (as some bankruptcy courts have ruled). *See generally Cantwell-Cleary Co. v. Cleary Packaging, LLC (In re Cleary Packaging, LLC)*, 36 F.4th 509 (4th Cir. 2022). Although the question is complicated by a certain textual awkwardness in the Bankruptcy Code, we ultimately side with the Fourth Circuit and rule that, in Subchapter V proceedings, both corporate and individual debtors are subject to the list of § 523(a) discharge exceptions.[1]

Accordingly, we REVERSE and REMAND.

## I.

GFS Industries is a Texas limited liability corporation that provides commercial cleaning services. Seeking financing to expand operations, GFS entered into an agreement with Avion Funding on April 6, 2022. Avion would give GFS $190,000 in exchange for $299,800 of GFS's future receivables.[2] GFS represented it had not filed, nor did it anticipate filing, any Chapter 11 bankruptcy petition. Nonetheless, on April 21, 2022, two weeks after signing the agreement, GFS petitioned for voluntary Chapter 11 bankruptcy in the Western District of Texas. GFS elected to proceed under

---

[1] To be sure, the issue is a close and interesting one—as shown by the fact that it was recently the subject of a national bankruptcy moot court competition. *See* Paul R. Hage & G. Ray Warner, *31st Annual Conrad B. Duberstein National Bankruptcy Moot Court Competition*, 32 Norton J. Bankr. L. & Prac. art. 1 (Feb. 2023).

[2] Such an agreement is known as a "Merchant Cash Advance."

2

Subchapter V, which Congress enacted in 2019 as part of the Small Business Reorganization Act ("SBRA"), Pub. L. No. 116–54, 133 Stat. 1079 (2019).

On July 25, 2022, Avion filed an adversary complaint in GFS's bankruptcy. As relevant here, Avion claimed GFS obtained Avion's financing by misrepresenting whether it anticipated filing for bankruptcy. Avion sought a declaration that GFS's debt to Avion was therefore nondischargeable. In response, GFS moved to dismiss Avion's complaint, arguing that the Bankruptcy Code section on which Avion relied, 11 U.S.C. § 523(a), applies only to individual debtors and that, as a result, GFS's debt was dischargeable.

The bankruptcy court agreed with GFS. It reasoned that "in the Subchapter V context, only individuals, not corporations, can be subject to § 523(a) dischargeability actions." *Avion Funding, LLC v. GFS Indus., LLC (In re GFS Indus., LLC)*, 647 B.R. 337, 342 (Bankr. W.D. Tex. 2022). In doing so, the court followed the reasoning of four bankruptcy courts.[3] It declined to follow the Fourth Circuit's recent decision in *Cantwell-Cleary Co. v. Cleary Packaging, LLC (In re Cleary Packaging, LLC)*, 36 F.4th 509, 517–18 (4th Cir.

---

[3] *See Jennings v. Lapeer Aviation, Inc. (In re Lapeer Aviation, Inc.)*, 2022 WL 1110072 (Bankr. E.D. Mich. Apr. 13, 2022) (ruling that corporate debtors proceeding under Subchapter V are not subject to § 523(a) actions); *Catt v. Rtech Fabrications, LLC (In re Rtech Fabrications, LLC)*, 635 B.R. 559, 568 (Bankr. D. Idaho 2021) (same); *Cantwell-Cleary Co. v. Cleary Packaging, LLC (In re Cleary Packaging, LLC)*, 630 B.R. 466, 468 (Bankr. D. Md. 2021), *rev'd* 36 F.4th 509 (4th Cir. 2022) (same); *In re Satellite Rests. Inc. Crabcake Factory USA*, 626 B.R. 871, 873 (Bankr. D. Md. 2021) (same). In July 2023, a bankruptcy appellate panel of the Ninth Circuit arrived at the same conclusion. *See generally Lafferty v. Off-Spec Sols., LLC (In re Off-Spec Sols., LLC)*, 651 B.R. 862 (B.A.P. 9th Cir. 2023). In addition, some leading bankruptcy scholars agree with these authorities. *See generally* Paul W. Bonapfel & Robert Schaaf, *Do § 523(a) Exceptions to Discharge Apply to the Discharge of a Corporation in a Subchapter V Case After "Cramdown" Confirmation Under § 1191(b)?*, 32 Norton J. Bankr. L. & Prac. art. 1 (Dec. 2023); Richard P. Cook, *Discharges in Subchapter V*, 41 Am. Bankr. Inst. J. 24 (2022).

2022) [*Cleary*], which held that the Subchapter V discharge exceptions apply to both individual and corporate debtors. Accordingly, the bankruptcy court ruled GFS's debt to Avion was dischargeable and dismissed Avion's complaint. Avion timely appealed to the district court. The bankruptcy court subsequently granted Avion's motion to certify a direct appeal to our court under 28 U.S.C. § 158(d)(2). *Avion Funding, LLC v. GFS Indus., LLC (In re GFS Indus., LLC)*, 2023 WL 1768414, at *4 (Bankr. W.D. Tex. Feb. 3, 2023).

## II.

"When directly reviewing an order of the bankruptcy court, we apply the same standard of review that would have been used by the district court." *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008). Dismissals under Rule 12(b)(6) for failure to state a claim are reviewed *de novo. See Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023).

## III.

GFS proceeds under Subchapter V, enacted in 2019 to streamline Chapter 11 reorganizations for small business debtors whose debt does not exceed $7.5 million. *See* 11 U.S.C. § 1181 *et seq.*; *id.* § 1182(1); *see also In re Free Speech Sys., LLC*, 649 B.R. 729, 735 (Bankr. S.D. Tex. 2023) ("Subchapter V only applies when a debtor elects to proceed under it." (citing 11 U.S.C. § 103(i))). If a debtor's bankruptcy plan is confirmed as a consensual plan under § 1191(a), the dischargeability of its debts is governed by § 1141(d). *See* 11 U.S.C. § 1181(a) (only § 1141(d)(5) concerning individual debtors is inapplicable to Subchapter V consensual plan discharge provisions). By contrast, GFS's plan was confirmed as a nonconsensual plan under § 1191(b), so the dischargeability of its debts is governed by § 1192. *See id.* § 1181(c) ("If a plan is confirmed under section 1191(b) of this title, section 1141(d) of this title shall not apply, except as provided in section 1192 of this title.").

As § 1192 provides, after the debtor completes the required payments, the bankruptcy court

> shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A)[4] of this title, and all other debts allowed under section 503 of this title and provided for in the plan, *except any debt--*
>
> > (1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or
> >
> > (2) *of the kind specified in section 523(a) of this title.*

*Id.* § 1192 (emphasis added). The cross-referenced § 523(a) lists various types of non-dischargeable debts—for instance, debts for certain "tax or customs [] dut[ies]," for "domestic support obligation[s]," or for failing "to pay fines or penalties imposed under Federal election law." *See id.* § 523(a)(1), (5), (14B). The category relevant here is a debt for money obtained by a "materially false" written statement "respecting the debtor's . . . financial condition." *Id.* § 523(a)(2)(B)(i)–(ii).

The textual conundrum in this case arises from § 523(a)'s preamble: "A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge *an individual debtor* from any debt . . . ." *Id.* § 523(a) (emphasis added). In ruling for GFS, the bankruptcy court deemed this preamble "critical to the analysis." Specifically, the court reasoned that § 523(a)'s "limiting language" means that, in a Subchapter V proceeding, the listed non-dischargeability exceptions apply only to an "individual debtor." But they do not apply to a limited liability company like GFS—meaning its debt to Avion, even if procured by misrepresenting its

---

[4] This subpart refers, as relevant here, to "any debt that arose before the date of such [plan] confirmation." 11 U.S.C. § 1141(d)(1)(A).

financial condition, could still be dischargeable. On appeal, Avion contests the bankruptcy court's understanding of the interplay between § 523(a) and § 1192(2). We consider each of its arguments in turn.

## A.

Avion argues that placing controlling weight on the word "individual" in § 523(a) disregards the plain language of § 1192(2). We agree.

To begin with, § 1192 governs discharging debts of a "debtor," plain and simple. *See* 11 U.S.C. § 1192 (requiring court to "grant *the debtor* a discharge" of all specified debts (emphasis added)). A Subchapter V "debtor" means "a person engaged in commercial or business activities" with debts not exceeding $7.5 million. *Id.* § 1182(1)(A). "'[P]erson' is in turn defined to include both individuals and corporations, *see id.* § 101(41), and 'corporation[s]' include limited liability companies, *id.* § 101(9)(A)." *Cleary*, 36 F.4th at 514 (citations omitted). So, putting all this together, § 1192 applies to both individual and corporate debtors. *Id.* at 514–15. It does not distinguish one from the other.

Next, § 1192 excepts from discharge "any *debt . . . of the kind* specified in section 523(a)." 11 U.S.C. § 1192(2) (emphasis added). We must apply this precise language as written. *See Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 69 (2011) ("[I]nterpretation of the Bankruptcy Code starts . . . with the language of the statute itself." (quotation marks and citation omitted)). Section 523(a) enumerates 21 categories or "kinds"[5] of non-dischargeable debts. *See* § 523(a)(1)–(20) (including (14), (14A), and (14B)). So, the most

---

[5] *See, e.g.*, *Kind*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/kind [https://perma.cc/QBX6-ZB94] (last visited Mar. 19, 2024) ("[A] group united by common traits or interests: CATEGORY."); *Kind*, Cambridge Dictionary (4th ed. 2013) ("[A] group with similar characteristics, or a particular type.").

natural reading of § 1192(2) is that it subjects both corporate and individual Subchapter V debtors to the categories of debt discharge exceptions listed in § 523(a). *See Cleary*, 36 F.4th at 515 ("[T]he combination of the terms 'debt' and 'of the kind' indicates that Congress intended to reference only the *list of non-dischargeable debts* found in § 523(a).").

Consider, moreover, what § 1192(2) does not say: "kind of *debtor*." Congress could have enacted those words in § 1192 but instead chose "kind of *debt*." That text cannot be read to incorporate a distinction between "individual" and "corporate" debtors. Rather, as the Fourth Circuit correctly reasoned, the reference to "kind[s]" of debt in § 1192 serves as "a shorthand to avoid listing all 21 types of debts" in § 523(a), "which would indeed have expanded the one-page section to add several additional pages to the U.S. Code." *Cleary*, 36 F.4th at 515.

In addition, to the extent §§ 523(a) and 1192(2) clash, § 1192(2) governs as the more specific provision. Section 1192 deals directly with Subchapter V discharges, whereas § 523(a) cuts across various Bankruptcy Code provisions. *See* § 523(a) (listing "section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title"). As the Fourth Circuit observed, "to the extent that one might find tension" between the two sections, "the more specific provision should govern over the more general." *Cleary*, 36 F.4th at 515; *see also, e.g.*, *RadLAX Gateway Hotel, L.L.C. v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (observing "[i]t is a commonplace of statutory construction that the specific governs the general" and applying the canon to the Bankruptcy Code (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992))). The specific/general canon is especially applicable where "Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific solutions." *RadLAX*, 566 U.S. at 645 (citation omitted); *see also* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 185 (2012)

("The specific provision does not negate the general one entirely, but only in its application to the situation that the specific provision covers."). Subchapter V fits that bill: it legislates specific reorganization options for small business debtors.

GFS counters (echoing the bankruptcy court) that this interpretation of § 1192(2) makes the word "individual" in § 523(a) superfluous. *See* 11 U.S.C. § 523(a) ("A discharge under section . . . 1192 . . . of this title does not discharge an *individual* debtor . . .") emphasis added)). This argument has some force because, "[i]f possible, every word and every provision [of a statute] is to be given effect," and "none should be ignored." SCALIA & GARNER, *supra*, at 174. At the same time, though, the "preference for avoiding surplusage constructions is not absolute." *Lamie v. U.S. Tr.*, 540 U.S. 526, 536 (2004); *see also Chickasaw Nation v. United States*, 534 U.S. 84, 94 (2001) (noting "[t]he canon requiring a court to give effect to each word '*if possible*' is sometimes offset by the canon that permits a court to reject words 'as surplusage' if 'inadvertently inserted or if repugnant to the rest of the statute'" (citation omitted)).

We agree with *amicus curiae* United States that the anti-surplusage canon does not win the day here. To begin with, the reference to § 1192 was added to § 523(a) via a "conforming amendment." *See* Br. of *Amicus Curiae* United States at 21 (citing H.R. Rep. No. 116-171, at 9 (2019)); *see also* Pub. L. No. 116–54, 133 Stat. 1079, 1085–86 (2019). That would be an awkward way of modifying § 1192(2)'s straightforward "kind of debt" language. *See Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 583 U.S. 416, 431 (2018) ("Congress does not make 'radical—but entirely implicit—change[s]' through 'technical and conforming amendments.'" (quoting *Dir. of Revenue of Mo. v. CoBank ACB*, 531 U.S. 316, 324 (2001))). In other words, it would be no "minor tweak" to § 1192(2), *id.* at 430, to change "kind of debt" to "kind of debtor." It is unlikely Congress would have done such a thing

through a cross-reference in a "mere conforming amendment." *Ibid.* (cleaned up).

This interpretation gains traction when we examine other statutory cross-references in § 523(a)'s preamble. Some are themselves superfluous. For example, § 523(a) refers to § 727 even though Chapter 7 discharges are already available only to individual debtors. *See* 11 U.S.C. § 727(a)(1). So, the term "individual" as applied to § 727 is entirely redundant. *See id.* § 727(b). The same applies to § 523(a)'s reference to § 1328(b): Chapter 13 discharges are also available only to individual debtors. *See id.* §§ 109(e), 1328(b).

Other problems emerge when we consider § 523(a)'s cross-reference to § 1141. Part of that section, § 1141(d)(6), provides that traditional Chapter 11 discharges will not discharge a *corporate* debtor from certain kinds of debts in § 523(a). *See id.* § 1141(d)(6)(A) (providing "a debtor that is a corporation" is not discharged from debts "of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a)"). But if we read "individual" in § 523(a)'s preface to control all the cross-referenced statutes, that would erase the corporate debtor discharge exceptions in § 1141(d)(6). *See Cleary*, 36 F.4th at 516 (observing that this interpretation "would . . . create difficulty in reconciling § 523(a) with § 1141(d)(6)"). This is yet another reason not to read the word "individual" in § 523(a) to implicitly modify § 1192(2).

## B.

Avion's argument gains greater force when we situate § 1192 in the larger context of the Bankruptcy Code. *See, e.g.*, *In re Lively*, 717 F.3d 406, 409 (5th Cir. 2013) (reading "the language of the statute taken in the context of the Bankruptcy Code of which it is a part" (citing *RadLAX*, 132 S. Ct. at 2070–71)). Other Code provisions explicitly limit discharges to "individual"

debtors.[6] Even traditional Chapter 11 proceedings distinguish discharges for individual and corporate debtors.[7]

By contrast, § 1192 provides dischargeability simply for "the debtor"—which, as noted, the Code defines as encompassing both individual and corporate debtors. *See also Cleary*, 36 F.4th at 515–16 (distinguishing § 1192 from other provisions that "conscientiously defined and distinguished the kinds of debtors covered"). We cannot add words to § 1192 that Congress did not enact. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972))).

Avion also draws our attention to the Chapter 12 discharge provision, covering family farmers or fishermen, which is virtually identical to § 1192. *See* 11 U.S.C. § 1228(a). Chapter 12 allows "the debtor" a discharge of all specified debts "except any debt . . . *of a kind specified in section 523(a) of this title*." *Ibid.* (emphasis added). As the Fourth Circuit recognized, "courts construing the scope of § 1228(a) have concluded that [its] discharge exceptions apply *to both individual debtors and corporate debtors*." *Cleary*, 36 F.4th at 516 (citing *Sw. Ga. Farm Credit, Aca v. Breezy Ridge Farms, Inc. (In re Breezy Ridge Farms, Inc.)*, 2009 WL 1514671, at *1–2 (Bankr. M.D. Ga. May

---

[6] *See* 11 U.S.C. § 727(a)(1) (in Chapter 7 proceedings, "[t]he court shall grant the debtor a discharge, unless . . . the debtor is not an individual"); *id.* § 109(e) ("Only an individual with regular income . . . may be a debtor under chapter 13 of this title.").

[7] *Id.* § 1141(d)(2) (denying § 523 dischargeability for a "debtor who is an individual"); *id.* § 1141(d)(5) (limiting dischargeability when "the debtor is an individual"); *id.* § 1141(d)(6) (same for "a debtor that is a corporation").

29, 2009); *New Venture P'ship v. JRB Consol., Inc. (In re JRB Consol., Inc.)*, 188 B.R. 373, 374 (Bankr. W.D. Tex. 1995)).

In particular, the *JRB Consolidated* bankruptcy court reasoned that "[t]he wording in § 1228(a)(2) describing '*debts* of the kind' specified in § 523(a) does not naturally lend itself to incorporate the meaning 'for *debtors* of the kind' referenced in § 523(a)." 188 B.R. at 374 (emphasis added).[8] We see no reason why this sound analysis of § 1228(a)'s text would not apply equally to the substantively identical phrase in § 1192(2). *Accord Cleary*, 36 F.4th at 517 ("[I]dentical words and phrases within the same statute should normally be given the same meaning." (quoting *Hall v. United States*, 566 U.S. 506, 519 (2012))). Moreover, § 1228(a) is also referenced in § 523(a)'s preamble along with § 1192. *See* § 523(a) (referencing "[a] discharge under section . . . 1192 [and] 1228(a)"). So, if we adopted the restrictive reading of § 1192 urged by GFS, it would undermine bankruptcy courts' interpretation of § 1228(a). *Accord Cleary*, 36 F.4th at 516. We decline to do so.[9]

## C.

Finally, GFS contends that our interpretation of § 1192 will frustrate Congress's purposes in enacting Subchapter V. We disagree.

---

[8] *See also Breezy Ridge Farms*, 2009 WL 1514671, at *2 (explaining that, "[a]lthough 523(a) applies only to individuals, Congress has used it as shorthand to define the scope of a Chapter 12 discharge for corporations as well as individuals").

[9] Like the bankruptcy court, GFS would distinguish *JRB Consolidated* on the ground that Chapter 11's discharge provisions are "narrower" than Chapter 12's. That may have been an accurate statement in 1995, when *JRB Consolidated* was decided. But in 2005 Congress broadened Chapter 11's discharge exception provisions such that corporate debtors are now subject to dischargeability complaints under § 1141(d)(6). *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, S. 256, 109th Cong. § 708 (2005); Pub. L. No. 109-8, 119 Stat. 23, 126–27 (2005) (adding 11 U.S.C. § 1141(d)(6)). Accordingly, like the Fourth Circuit, we fail to see any relevant difference in scope between the Chapter 11 and 12 discharge provisions. *See Cleary*, 36 F.4th at 516–17.

No. 23-50237

First of all, GFS's argument relies on vague assertions in the SBRA's legislative history. But the history GFS cites does not speak to, or even mention, the individual-vs-corporate debtor issue before us. GFS merely quotes a committee report's statement that Subchapter V sought to "streamline the bankruptcy process" for "small business debtors."[10] Even if one were inclined to consult legislative history, such generalities are no help in resolving the concrete interpretive issue we address today. *See Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019) (noting the Supreme Court "has repeatedly refused to alter" statute's "plain terms on the strength only of arguments from legislative history"); *Hubbard v. United States*, 514 U.S. 695, 708 (1995) ("Courts should not rely on inconclusive statutory history as a basis for refusing to give effect to the plain language of an Act of Congress[.]").

Second, and more importantly, GFS misunderstands the compromises Congress made in Subchapter V. In a traditional Chapter 11 case, a nonconsensual plan is subject to the "absolute priority rule," under which classes of unsecured creditors are fully paid before any junior class. *See In re Lively*, 717 F.3d 406, 410 (5th Cir. 2013); *see also In re Pac. Lumber Co.*, 584 F.3d 229, 244 (5th Cir. 2009); 11 U.S.C. § 1129(b)(1), (2)(B)(ii). Because "the Code places equity holders at the bottom of the priority list," *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 457 (2017), however, the absolute priority rule "could preclude reorganizations in which continuing

---

[10] *Amicus curiae* National Association of Bankruptcy Trustees ("NABT") similarly relies on one vague assertion from the legislative history that § 1192(2) pertains only to debt "that is otherwise nondischargeable." *See* H.R. Rep. No. 116-171, at 8 (2019). At the same time, NABT concedes that in 72 pages of legislative history, discussion of § 523(a) "appears only once." Accordingly, this one isolated reference does not outweigh the evidence from the statutory texts enacted by Congress. *See Azar v. Allina Health Servs.*, 139 S. Ct. 1804, 1814 (2019) (explaining that "legislative history is not the law").

management of the bankruptcy estate by a business's owners would be essential to a successful reorganization because such owners' retention of estate property would violate the priority rule." *Cleary*, 36 F.4th at 514.

In the SBRA, Congress sought to help small business debtors by abrogating the absolute priority rule, allowing equity owners to retain their interests even though junior creditors are not paid in full. *See* 11 U.S.C. § 1191(c). The plan needs only ensure that the debtor's disposable income be paid to creditors for three to five years. *Cleary*, 36 F.4th at 514 (citing *id.* § 1191(c)(2)(A) and (3)). Congress did not stop there, though. To counterbalance that benefit to debtors, Congress excepted from discharge "any debt . . . of the kind specified in section 523(a)." *Id.* § 1192(2). In other words, like most legislation, Subchapter V is a compromise: affording small business debtors unique benefits while subjecting them to § 523(a)'s dischargeability exceptions. *See Cleary*, 36 F.4th at 517 ("Given the elimination of the absolute priority rule, Congress understandably applied limitations on the discharge of debts to provide an additional layer of fairness and equity to creditors to balance against the altered order of priority that favors the debtor.").

To agree with GFS's argument here would be to rewrite that compromise—at least insofar as small business corporate debtors are concerned—in the face of § 1192(2)'s plain language and context. We have no authority to do so, especially based on statements in legislative history that Congress never enacted in the statute.[11]

_____

[11] *Amicus* NABT worries that subjecting corporate debtors to § 523(a)'s exceptions will frustrate Subchapter V's efficiency goals by, for instance, incentivizing creditors to promiscuously file § 523(a) complaints against debtors. But these arguments are grounded in policy considerations, not statutory text or structure. And, in any event,

No. 23-50237

## IV.

In sum, we agree with the Fourth Circuit that 11 U.S.C. § 1192(2) subjects both corporate and individual Subchapter V debtors to the categories of debt discharge exceptions listed in § 523(a). Accordingly, the judgment of the bankruptcy court is REVERSED and REMANDED for further proceedings consistent with this opinion.

---

the Bankruptcy Code already provides remedies for abusive complaints. *See* FED. R. BANKR. P. 9011(c) (sanctions).